# Tabard Inn Book Co., Appellant, *v.* Snellenburg.

*Contract—Sales contract—Return of articles by customers.*

Where a publishing company enters into a contract with a retailer by which the issue of a particular book was to be sold through the retailer, and the latter is to collect and account for the proceeds, but the contract is silent as to whether the retailer may turn back the books that have been returned by customers and have a credit therefor, evidence that such had been the course of dealing between the parties is admissible in a suit after the termination of the contract, in which the retailer is claiming credit for a number of sets of books returned by customers and tendered to the publisher.

Argued Oct. 11, 1916.   Appeal, No. 26, Oct. T., 1916, by plaintiff, from judgment of Municipal Court of Philadelphia Co., July T., 1915, No. 208, on verdict for defendants, in case of the Tabard Inn Book Company v. Nathan Snellenburg, et al., copartners, trading as N. Snellenburg & Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for books sold and delivered.   Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendants for $278.20.   Defendant appealed.

*Errors assigned,* among others, was in entering judgment on the verdict.

*Meredith Hanna,* with him *John S. Wallace,* for appellant.

*Frank A. Chalmers,* with him *Simpson, Brown & Williams,* for appellee.

OPINION BY TREXLER, J., December 18, 1916:

The agreement of the Tabard Inn Book Company, the appellant, provided for the sale of Lossing's History of the United States through Snellenburg and Company, the defendants. The plaintiffs were to furnish the advertising matter which was to be sent to defendants' customers as they sent out their monthly statements, the plaintiffs agreeing to pay the postage. The solicitors of the Tabard Inn Book Company were to call upon the customers of the defendants in order to sell the work to them and were also to put a salesman in the store of defendants. When an order was obtained it was delivered to the defendants and if approved by their credit department was to be paid on the tenth of the following month.

The arrangement did not result very successfully and the Tabard Inn Book Company by its president wrote to the defendants confirming a conversation previously had, in which a suggestion of the termination of the contract had been made and in the letter stated, "If this meets with your approval kindly return at once all the sets of histories in your possession." The defendants returned to plaintiffs twenty-seven sets of said history which had been sold to customers and returned by them. The defendants claimed that they had a right to return them and plaintiffs deny this right. Apart from the letter which is referred to above there is evidence from the course of dealing of the parties that the defendants were allowed to send back to the plaintiffs sets that had been returned by customers and that credit was allowed for them and that thus the defendants' right so to do was recognized by the plaintiffs. The agreement itself did not cover the subject. It was therefore competent to show what the parties did in this regard. The whole matter was submitted to the jury who found for the defendants.

The learned trial judge stated in his charge that the question was whether the contract of the defendants was one of underwriting. This was not correctly stating the

matter but we do not think it constituted material error for later in the charge, after reviewing the testimony, he told the jury, "Now you must determine yourselves, from the evidence, from inspection of the contract and from the testimony, what was in the minds of the parties in relation to the books rejected by the charge customers of Snellenburg, and in determining that you can ascertain from the other circumstances what was the true intent of this contract." After further elaboration he submits the matter with the instruction that their verdict must be based upon the understanding of the parties as to the right to return the books. The fact that the court applied the wrong term to the contract did the plaintiff no harm in view of the fact that the court pointed out to the jury the real question submitted for their decision. Taking the entire charge, we think the questions involved were properly submitted.

All the assignments are overruled and the judgment is affirmed.